# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE M. MONTANEZ and JEHAN HUGHES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GERBER CHILDRENSWEAR, LLC<br><br>Defendant. | Case No. CV09-07420-DSF (DTBx)<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] PROTECTIVE ORDER REGARDING THE HANDLING OF CONFIDENTIAL DOCUMENTS<br><br>Courtroom: Hon. David T. Bristow |

Based upon the Agreed Confidentiality Stipulation for Entry of Protective Order submitted by the parties, and good cause appearing therefor, the Court hereby orders as follows:

**I.    DEFINITIONS**

A. The term "Confidential Information" shall mean information, recorded, stored, or maintained for any reason in any medium, including but not limited to print, electronic, or digital, that the party designating the information as "Confidential" reasonably believes to fall within one or more of the following categories of information:

1

1. "Trade Secrets" within the meaning of California Civil Code § 3426.1, which provides that a trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

2. Research and development information that is of a highly competitive nature and that a reasonably prudent business person in the applicable field would not release to or share outside the company in the ordinary course of business.

3. Personal information of third parties, or information concerning third parties, that the designating party, in good faith, believes is protected from disclosure and cannot be disclosed under applicable state or federal law either without appropriate notice to such third parties, or absent an order by the Court.

4. Information received in confidence from third parties pursuant to the terms of a confidentiality agreement.

5. Information that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

B. The term "Document(s)" shall collectively refer to any and all material or other tangible things containing information produced by any party in the Action, as well as information that may be produced by any third party concerning a party to the Action, including written responses to discovery and deposition testimony. Without limitation, Document(s) further include(s) any medium by which information is recorded, stored, communicated, or utilized, including papers (of any kind, type, or character) and any method or medium by which information may be communicated, recorded, or retrieved by people or by computers. The

word Document(s) includes, without limitation, photographs, x-rays, motion pictures, audio tapes, videotape recordings, computer generated material, computer disks, and any other form or type of computer stored or computer retrievable data, microfilm and microfiche, or any other process by which information is reduced for storage, and duplicates and reproductions of the same by any method.

     C.     The term "Court" shall refer to the Honorable Dale S. Fischer, so long as Judge Fischer retains jurisdiction over this Action, Magistrate Judge David T. Bristow, so long as he remains assigned to this Action, and any other Magistrate Judge or Special Master designated to hear and decide any dispute that may arise under this Agreement.

## II.     PROCEDURE FOR DETERMINING STATUS OF CONFIDENTIAL DOCUMENTS

     A.     All Documents or categories of Documents produced or disclosed that the producing party in good faith believes to contain information that should be subject to this Agreement may be designated "Confidential" by the producing party by marking the document(s) as follows:

> CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER *Laurie M. Montanez, et al. v. Gerber Childrenswear, LLC*

     B.     In the case of Documents or tangible items, the producing party shall make the appropriate designation at the time it provides the receiving party with a copy of the Document or item. In the case of Confidential Information that is not reduced to documentary, tangible, or physical form, or that cannot be conveniently labeled, the producing party shall designate the Confidential Information by informing the receiving party in writing of the appropriate designation of such material.

     C.     The designation of a Document or information as Confidential shall not create any presumption with regard to the actual confidentiality of any Document, nor shall it affect the burden of proof necessary for obtaining a Rule

26(c) protective order from the Court. The party designating Documents or any other type of information, materials or items as Confidential bears the burden of establishing their confidentiality.

D.  A party shall designate information as Confidential on a good faith basis and not for the purpose of harassing the receiving party or for the purpose of unnecessarily restricting the receiving party's access to information concerning the lawsuit. If counsel for a party receiving Documents designated as Confidential objects to such designation of any or all of such items, the following procedure shall apply:

1.  Counsel for the objecting party shall serve on the designating party a written objection to such designation, which shall describe with particularity the Documents or information in question. The objecting party shall state the factual basis for the objection, and to the extent applicable, the general legal grounds for the objection.

2.  Counsel for the designating party or third party shall respond in writing to such objection within fourteen (14) calendar days of receipt of the objection, unless a shorter time frame is agreed upon by the parties or ordered by the Court, and shall state with particularity the factual and legal grounds for asserting that the Document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed no longer applicable and not subject to the terms of this Order. Nothing within this paragraph shall preclude the designated party from seeking an order of protection with regard to a Document.

3.  If the designating party makes a timely response to such objection asserting the propriety of the designation, counsel shall then meet and confer with seven (7) calendar days of such response, unless a shorter time frame is agreed upon by the parties or ordered by the Court, in a good faith effort to resolve the dispute.

   4. If a dispute as to a Confidential designation cannot be resolved by agreement, the party seeking the removal of the "Confidential" designation shall present the dispute to the Court in accordance with Central District Local Civil Rule 37-1 *et seq.* governing discovery motions. The Document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

### III. ORDERS REGARDING CONFIDENTIAL INFORMATION

  A. All Confidential Information shall be used by the receiving party solely for purposes of the prosecution or defense of this Action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in paragraph II.B below, unless and until the restrictions herein are removed either by the operation of this Agreement and order thereon, the written agreement of counsel for the parties, or by order of the Court.

  B. Confidential Information may be disclosed only to the following individuals under the following conditions:

   1. Counsel for the parties, including in-house counsel;

   2. Outside experts or consultants retained by any party who execute the form attached as Exhibit "A" (which shall not be discoverable except upon a showing of good cause);

   3. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

   4. The Court and court personnel;

   5. A witness or deponent may be shown or examined on any Document or other information or thing designated Confidential if it appears that the witness or deponent authored or received a copy of it, was involved in or would have information relevant to the subject matter described therein, or is employed by

///

the party who produced the Document, information or thing, or if the producing party consents to such disclosure;

   6. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

   7. The parties. In the case of parties that are corporations or other business entities, "party" shall include executives who are required to participate in decisions with reference to the Actions.

   8. Insurance Carriers that have been identified to the opposing party as having liability coverage or potential liability coverage with regards to the claims asserted in the Action. Disclosure may only be the assigned claims adjuster or executives of the insurer who are required to participate in decisions with reference to the Action.

  C. Confidential Information shall be used only by individuals permitted access to it under paragraph II.B above. Confidential Information, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

  D. All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "Copies"), of Documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the Confidential designation if the designation does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

///

E. With respect to any depositions that involve a disclosure of Confidential Information of a party to this Action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be modified by agreement of the Parties or by order of the Court. No such deposition transcript shall be disclosed to any individual other than the individuals described in paragraph II.B above and the deponent during this period of time (although it may be filed with the Court as noted in paragraph III.E below), and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in paragraph II.B above during said period of time. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with the provisions of this Agreement.

F. A party that wishes to utilize any Document in a court filing that contains Confidential Information, or which reproduces, paraphrases, summarizes, or encloses Confidential Information, shall comply with the provisions of Local Rule 79-5 and paragraph 6 of the "Standing Order for Cases Assigned to Judge Dale S. Fischer" entered by the Court on October 22, 2009 (the "Standing Order"). A party that wishes to include Confidential Material in any filing shall make the required application pursuant to Local Rule 79-5, but as provided in paragraph 6 of the Standing Order, the party designating such information as Confidential shall have the burden of demonstrating that such material should be filed and remain under seal. If a Document has been only partially designated as Confidential, the party filing such materials with the Court shall indicate the particular aspects so designated, but only to the extent said party understands the distinction in the designation. Otherwise, the entire document will be deemed as presumptively

confidential by the party filing the Document under Local Rule 79-5. The envelope(s) containing any Confidential Material filed with the Court under Local Rule 79-5 shall bear the following statement on the front of the envelope, along with a brief statement describing the contents of the envelope:

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER<br>
<u>Laurie M. Montanez, et al. v. Gerber Childrenswear, LLC</u><br>
(C.D. Cal. CA No. 2:09-cv-0420-DSF-DTB)

<i>This envelope contains information covered by the AGREED CONFIDENTIALITY STIPULATION FOR ENTRY OF PROTECTIVE ORDER of the Parties dated _____ and ORDER of the Court thereon dated _____.</i>

G. In the event that the Action proceeds to trial, all information that was designated as Confidential and/or kept and maintained pursuant to the terms herein becomes public and will be presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. Any party may move the Court for an order that the Confidential Information be received *in camera* or under other conditions to prevent disclosure. The Court will then determine whether the proffered Confidential Information should continue to be treated in a confidential manner and, if so, what protection, if any, may be afforded such information during pre-trial proceedings and at trial.

H. This Agreement and Protective Order shall apply to non-parties to this Agreement who are obliged to provide discovery, by deposition, production of documents or otherwise, in this Action if said non-party requests in writing the protection of this Agreement and Protective Order as to said non-party's Confidential Information, complies with the provisions of this Agreement and Protective Order, and agrees in writing to be bound by the terms of this Agreement and Protective Order.

     I.    If any party is subpoenaed in another action, served with a demand in another action to which it is a party, or is served by any legal process by one not a party to this action, seeking information that was designated as "Confidential," by someone other than that party, the party shall give written notice by hand delivery or facsimile transmission within ten (10) days of receipt of such subpoena, demand, or legal process to the designating party, and shall object to its production to the extent permitted by law, setting forth the existence and terms of this Agreement and order thereon.  Nothing herein shall be construed as requiring the party or anyone else covered by this Agreement and order thereon to challenge or appeal any order requiring production of information that may be subject to this Agreement, or subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court.

     J.    To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Information that a party believes should have been designated as such, regardless of whether the Document, information or things was so designated at the time of disclosure, shall not be deemed a waiver in such Document, information or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure.  Such notice shall constitute a designation of the Document, information or thing as Confidential under this Agreement.  All parties shall reserve the right to challenge such a designation pursuant to the provisions of the Protective Order.

     K.    No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in

///

possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Agreement.

L.   This Agreement shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Agreement is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

## IV.   GENERAL PROVISIONS

A.   This Agreement shall survive the termination of this Action and shall remain in full force and effect unless modified by an order of the Court or by the written stipulation of the Parties filed with the Court.

B.   Upon final conclusion of this Action, each party or other individual subject to the terms hereof shall, upon notice from the designating party, assemble and return to the designating party or destroy all originals and unmarked copies of documents and things containing Confidential as well as excepts, summaries and digests revealing Confidential Information; provided, however, that counsel may retain their work product and complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Agreement.

C.   This Agreement shall be dated as of the date last signed by counsel for a party, and shall become effective upon approval by the Court.

Dated: March 31, 2010

_____
Hon. David T. Bristow
United States Magistrate Judge

# EXHIBIT A

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| LAURIE M. MONTANEZ and JEHAN HUGHES, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GERBER CHILDRENSWEAR, LLC<br><br>    Defendant. | Case No. CV09-07420-DSF (DTBx)<br><br>CLASS ACTION<br><br>AGREEMENT TO BE BOUND BY TERMS OF AGREED CONFIDENTIALITY STIPULATION FOR ENTRY OF PROTECTIVE ORDER<br><br>Courtroom: Hon. David T. Bristow |

I, _____, being duly sworn, state that:

    1.    My address is _____.

    2.    My present employer is _____ and the address of my present employment is _____.

    3.    I have carefully read and understood the provisions of the Agreed to Confidentiality Stipulation and Protective Order in this case signed by the Court, and I will comply with all of its provisions.

    4.    No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come

1  into my possession, and documents or things which I have prepared relating
2  thereto, to counsel for the party for whom I was employed or retained.
3      I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____      _____
                                                                                                [Signature]

                                                                                                   _____
                                                                                                   [Print name]

CASE NO.: CV09-07420-DSF (DTBX)