1
2
3
4
5
6
7

8            **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10 LAURIE M. MONTANEZ and<br>JEHAN HUGHES, individually and<br>11 on behalf of all others<br>Similarly Situated,<br>12<br>Plaintiffs,<br>13<br>v.<br>14<br>GERBER CHILDRENSWEAR,<br>15 LLC,<br>16<br>Defendant.<br>17 | CASE NO. CV 09-07420-DSF (DTBx)<br><br>CLASS ACTION<br><br>**ORDER GRANTING MOTION FOR<br>PRELIMINARY APPROVAL OF<br>CLASS ACTION SETTLEMENT<br>AND DIRECTING DISSEMINATION<br>OF CLASS NOTICE PROGRAM** |

18       This matter having been brought before the Court by Plaintiffs through

19   Branstetter, Stranch & Jennings, PLLC, Emerson Poynter LLP, and The Consumer

20   Law Group of California (together, "Class Counsel"), pursuant to Fed. R. Civ. P.

21   23(e), for an Order granting preliminary approval of a class action settlement, and

22   directing the dissemination of class notice and appointing a class notice and claims

23   administrator (the "Motion"); and the Court having reviewed the submissions of the

24   parties, having held a hearing on March 11, 2013, and having found that the parties

25   are entitled to the relief they seek, and for good cause shown;

26       IT IS ORDERED that the Motion is GRANTED, and it is further ORDERED

27   as follows:

28   / / /

1.      The Stipulation of Class Action Settlement dated December 28, 2012, as amended on March 28, 2013 (the "Settlement Agreement"), submitted with the Motion, is preliminarily approved.[1]  The Court finds that the terms of Settlement Agreement fall "within the range of possible approval" sufficient to warrant sending notice thereof to the Settlement Class.  Federal Judicial Center, *Manual for Complex Litigation* ("MCL 4th") §21.632 (4th ed. 2004).  This finding that the settlement is reasonable is subject to a final determination to be made after a Fairness Hearing, as set forth below.

2.      <u>Conditional Class Certification For Settlement Purposes</u>:  Based upon the submissions of the Parties, for purposes of the settlement only, the Court modifies its previous findings with respect to the Class and finds as to the Settlement Class that: (a) the Settlement Class Members are so numerous as to make joinder of them impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual Settlement Class Members; (c) the Class Representative's claims and the defenses asserted thereto are typical of the claims of Settlement Class Members and the defenses asserted thereto; (d) the Class Representative and Settlement Class Counsel have fairly and adequately protected the interests of Settlement Class Members throughout this action; and (e) a class action is superior to all other available methods for fairly and efficiently resolving this action, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of the litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability and undesirability of concentrating the litigation of these claims in a particular forum; and (iv) the difficulties likely to be encountered in the management of a class action.  The Court preliminarily approves Plaintiff

---

[1]     Except as otherwise specified herein, all defined terms set forth in this Order shall have the same meaning as that set forth in the Settlement Agreement.

Jehan Hughes as representative of the Settlement Class and conditionally certifies a Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) comprised of all Persons who purchased at retail new Gerber Childrenswear apparel products in the United States containing tagless labels on garments manufactured by (1) Jay Jay Mills (India) with "M/S Gokul" labels from October 1, 2005 to August 2008; (2) Jay Jay Mills (India) with redesigned "phthalate free" Gokul labels from August 2008 through September 30, 2009; and (3) Kitex from October 1, 2005 through May 20, 2009.

3.      Branstetter, Stranch & Jennings, PLLC, Emerson Poynter LLP and CLGCA are appointed as Settlement Class Counsel.

4.      A hearing (the "Fairness Hearing") shall be held before this Court on the date set forth below to determine whether (a) this action finally meets each of the prerequisites for class certification set forth in Fed. R. Civ. P. 23(a), and may properly be maintained as a class action on behalf of the Settlement Class under Fed. R. Civ. P. 23(b)(3); (b) the Settlement Agreement should receive final approval as fair, reasonable, adequate, and in the best interests of the Settlement Class; (c) order(s) should be entered granting final approval of the Settlement Agreement, entering final judgment and dismissing the Complaint in the above-captioned action with prejudice ("Final Settlement Order and Judgment"), consistent with the terms provided for in the Settlement Agreement; and (d) the application of Class Counsel for the payment of attorneys' fees and expenses, and payment to the Class Representative, is reasonable and should be approved.  The Fairness Hearing may be postponed, adjourned or continued by further order of this Court, without further notice to the Settlement Class.

5.      At the Fairness Hearing, the Court will consider any timely and verified objections presented by Settlement Class Members and the Parties' responses to any such objections.

/ / /

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS         CASE NO.: 2:09-CV-07420-DSF (DTBx)
ACTION SETTLEMENT & DIRECTING DISSEMINATION OF CLASS NOTICE

6.     Any Settlement Class Member may object to the fairness, reasonableness or adequacy of the proposed settlement.  Any member of the Settlement Class who so objects may (but need not) appear at the Fairness Hearing, in person or through counsel, to show cause why the proposed settlement should not be approved as fair, adequate and reasonable.  In order to object, the Settlement Class Member must include in the objection submitted to the Court and served on Class Counsel and Defendant's Counsel: (a) the title of the Action; (b) the full name address and telephone number of the Person objecting; (c) an explanation of the basis upon which the Person claims to be a Settlement Class Member; (d) proof of the Person's membership in the Settlement Class; (e) all grounds for the Person's objection, accompanied by any legal support for the objection known to the Person or his or her counsel, if the Person has counsel; (f) the identity of any counsel representing the Person who will appear at the Final Fairness Hearing; (g) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the Person's objection, if the Person plans to call witnesses; (h) a statement confirming whether the Person intends to personally appear and/or testify at the Final Fairness Hearing; and (i) the Person's signature or the signature of the Person's duly authorized attorney or other duly authorized representative.  Any such objection must be filed with the Clerk of the Court and received by counsel for the Parties no later than 21 days before the date of the Fairness Hearing.  All objections that fail to satisfy the requirements of this paragraph or that are not properly and timely submitted will not be considered by this Court and will be deemed waived, and those Settlement Class Members shall be bound by the final determination of this Court.

7.     Any Person included within the Settlement Class who wishes to be excluded from membership in the Settlement Class must do so in writing by mailing a request for exclusion from the Settlement Class to the Settlement Administrator, so that such request is postmarked no later than the date set forth in

-4-

the above paragraph for filing objections to the proposed settlement.  In order to opt out, a Settlement Class Member must send to the Claims Administrator a written request for exclusion that is post-marked or received no later than 21 days before the date of the Fairness Hearing.  The request for exclusion must be personally signed by the Settlement Class Member requesting exclusion and contain a statement that indicates a desire to be excluded from the Settlement Class.  Any request for exclusion that fails to satisfy the requirements of this paragraph or that is not properly and timely submitted, as required above, shall not be effective.  Such Person shall be deemed to have waived all rights to opt out of the Settlement Class, and shall be deemed a Settlement Class Member for all purposes pursuant this Order.

8.    The Court finds that the manner and content of the settlement notice program specified in the Settlement Agreement will provide the best notice practicable to the Settlement Class under the circumstances.  All costs incurred in connection with the preparation and dissemination of any notices to the Settlement Class shall be borne by Defendant, subject to the provisions of the Settlement Agreement.

9.    If the Settlement Agreement is finally approved, the Court shall enter separate order(s) finally approving the Settlement Agreement, entering judgment and dismissing the Complaint with prejudice consistent with the terms of the Settlement Agreement.  Such order(s) and judgment shall be fully binding with respect to Plaintiffs, all members of the Settlement Class and the Released Parties.

10.    In the event that the proposed settlement provided for in the Settlement Agreement is not approved by this Court, or entry of the Final Settlement Order and Judgment does not occur for any reason, then the Settlement Agreement, all drafts, negotiations, discussions, and documentation relating thereto, and all orders entered by this Court in connection therewith shall become null and void and all monies (except for incurred settlement notice and administrative costs) returned to

Defendant by the Settlement Administrator.   In such event, the Settlement Agreement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice to the rights of the Parties, who shall be restored to their respective positions as of the date of the execution of the Settlement Agreement.

11.   The Court hereby appoints Kurtzman Carson Consultants ("KCC") as the Claims Administrator to perform the duties set forth in the Settlement Agreement in accordance with the schedule set forth in this Order.   The dates of performance are as follows:

| | |
|---|---|
| Activation of Settlement Website by Claims Administrator. | Date: April 29, 2013 |
| Posting of Statement on the Plaintiffs' Counsel's websites directing individuals to the Settlement Website | Date: April 29, 2013 |
| Posting of Short Form Notice | Date: May 13, 2013 |
| Completion of publication of a quarter page notice per the Settlement Agreement | Date: June 15, 2013 |
| Claims Administrator to provide Court with documentation that Notice was provided in accordance with Notice Program | Date: July 18, 2013 |

12.   The deadline for any claim form to be postmarked or received shall be September 16, 2013.   The Parties shall file and serve papers in support of final approval of the Settlement, including any requested payment of attorneys' fees, representative payments, costs and litigation expenses, by July 18, 2013, and any responses to any objections that may be filed and updated claims information are due by September 25, 2013.

13.   The Fairness Hearing shall be held on October 7, 2013 at 1:30 p.m.

14.   Pending final determination of whether the settlement embodied in the Settlement Agreement is to be approved, no member of the Settlement Class, either directly, representatively, derivatively, or any other capacity, shall commence or

/ / /

prosecute any action or proceeding in any court or tribunal asserting any of the claims described in Paragraph 13.1.2 of the Settlement Agreement.

DATED: April 5, 2013

DALE S. FISCHER
U.S. District Judge

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS       CASE NO.: 2:09-CV-07420-DSF (DTBx)
ACTION SETTLEMENT & DIRECTING DISSEMINATION OF CLASS NOTICE