1   BRANSTETTER STRANCH & JENNINGS, PLLC
    J. Gerard Stranch IV, Esq.
2   gerards@branstetterlaw.com
    227 Second Avenue North, Fourth Floor
3   Nashville, TN 37201-1631
    Tel: (615) 254-8801
4   Fax: (615) 250-3937

5   EMERSON POYNTER LLP
    John G. Emerson, Esq.
6   830 Apollo Lane
    Houston, TX 77058-2610
7   Tel:   (281) 488-8854
    Fax:   (281) 488-8867
8
    THE CONSUMER LAW GROUP
9   Alan M. Mansfield (SBN: 125998)
    alan@clgca.com
10  10200 Willow Creek Road, Suite 160
    San Diego, CA  92131
11  Tel:   (619) 308-5034
    Fax:   (888) 341-5048
12
    *Attorneys for Plaintiffs*
13  [Additional Counsel Appear on Signature Page]

14              **UNITED STATES DISTRICT COURT**
15              **CENTRAL DISTRICT OF CALIFORNIA**

16  LAURIE M. MONTANEZ, et al.,          | Case No. 2:09-CV-07420-DSF (DTBx)

17            Plaintiffs,                 | CLASS ACTION

18        v.                             | **PLAINTIFFS' RESPONSE TO
                                          | OBJECTION TO SETTLEMENT BY
19  GERBER CHILDRENSWEAR, LLC,           | GABI CANALES MORGAN**

20            Defendant.                  | Date:      October 7, 2013
                                          | Time:      1:30 p.m.
21                                        | Judge:     Hon. Dale S. Fischer
                                          | Trial Date: Not Set
22

23

24

25

26

27

28

1

## I.   INTRODUCTION

The sole objection filed in this case, submitted by an attorney (albeit one who does not identify herself as such) contains nothing more than boilerplate complaints. Such a pro forma "objection" should be accorded no weight and should be rejected in its entirety.

## II.   DISCUSSION

### A.   The objection is grounded in a misunderstanding of the facts surrounding the settlement

The primary objection asserted by Ms. Gabi Canales Morgan (the "Objector"), is that the settlement information available "is not adequate enough to determine if payment of attorneys' fees totaling $2,000,000 is excessive."   (Objection, p. 1) Objector attributes her inability to analyze the settlement to "the failure of class counsel to make a detailed attorneys' fee and expense application within a reasonable and adequate amount of time for objectors to evaluate the fee and expense application."  (Objection, p. 1)   This is simply inaccurate.   As this Court is aware, Plaintiffs submitted a detailed fee application on July 18, 2013 – almost two months before objections were due – accounting for every hour devoted to this case and was consistent with what the Court previously requested in terms of detail.   That application established, based on numerous Declarations submitted by counsel, that the collective lodestar of Plaintiffs' counsel for over four years of litigation in this case  is $3,285,970.00, reflecting 6,362.15 hours of labor by attorneys and paralegals. Objector is an attorney who has participated in product liability litigation. *See, e.g.*, *In re Linda Smart*, 103 S.W.3d 515 (Tex. Ct. App. 2003).   She had the ability to readily locate and review the application submitted by Plaintiffs' counsel to this Court but, as her objection confirms, she elected not to so do.   Objector also did not reach out to Plaintiffs' counsel at any time, nor did she return phone calls from Plaintiffs' counsel after her objection was filed. *See* Declaration of Michael Stewart,

---

PLTFS. RESPONSE TO OBJECTION TO                       - 1 -                       Case No. 2:09-CV-07420-DSF (DTBx)
SETTLEMENT BY GABI CANALES MORGAN

1  submitted herewith. Nor did she apparently contact the claims administrator for

2  additional information.  *See* Declaration of Johnathon Carameros. Because Objector's

3  primary objection is based on the premise that Plaintiffs' counsel's fee application

4  was not sufficiently "detailed" and filed in sufficient time for her to evaluate it – a

5  premise that is demonstrably inaccurate – that objection should be overruled.

6  **B.     Objector offers no facts or law supporting her objections**

7  This Court has directed that objectors set out "all grounds for the Person's

8  objection, accompanied by any legal support for the objection known to the Person or

9  his or her counsel." (Order Granting Preliminary Approval, Docket Entry # 266)

10  Objector has not made even a cursory effort to meet this standard.  To the contrary,

11  Objector has merely recited boilerplate objection language to the effect that the

12  settlement is "unreasonable, unfair and inadequate to the extent that the requirements

13  of each category are unnecessary, unduly burdensome, are calculated to drive down

14  the number and quality of objections to the settlement and violate objector's due

15  process rights."  (Objection, pp. 1-2).  Yet this announcement is accompanied by no

16  analysis of any kind and no example of how the requirements of the settlement for

17  class members to verify their claims actually impose an undue burden or violate the

18  objector's due process rights – particularly as it appears the objector received notice

19  and an opportunity to submit a claim, and actually did so.  Carameros Declaration at

20  ¶9.    Although Objector is an attorney, she provides no legal analysis of any kind.

21  Courts in this Circuit routinely reject such unsupported objections as a matter of

22  course.  *See, e.g.*, *Smith v. CRST Van Expedited, Inc.*, Case No. 10-CV-1116-IEG

23  (WMC), 2012 U.S. Dist. LEXIS 165913 (S.D. Cal. November 20, 2012)(rejecting

24  objector who "ma[de] no showing of what would be sufficient or why" and noting

25  that "such unsupported objection cannot justify denial or approval"); *In re Skilled*

26  *Healthcare Gp., Inc. Securities Litig.*, Case No. CV 09-5416 DOC (RZx), 2011 U.S.

27  Dist. LEXIS 10139 (C.D. Cal.  Jan. 26, 2011)(rejecting "a lone objection unsupported

28  by specific facts"); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 20 (N.D. Cal.

1    1980)(holding an objection invalid because "[h]e does not specify what amount

2    would fairly, adequately, and reasonably settle his monetary claims. Nor does he state

3    on what grounds he deserves a larger share of the settlement funds.  This Court thus

4    finds it impossible to respond to his objection in any way other than dismissing it for

5    lack of support.").  Absent any factual or legal support – or even a clear articulation

6    of what, precisely, Objector finds objectionable – the objection should be disregarded

7    by this Court.

8        **C.    Objector is simply incorrect that Category V provides no relief:**

9              **many class members in that category have, in fact, obtained relief**

10           Objector complains that Category V of the settlement – for persons with no

11   clothing, no receipts and no evidence of injury – "has no benefit to a person who no

12   longer has a need for children's clothing."  (Objection, p. 2)  Gerber sells clothing for

13   children from infant to toddler age.  The settlement discounts can be used to acquire

14   any such clothing, providing families ample options to take advantage of settlement

15   discounts.  Most families will, of course, also have opportunities to use discounts for

16   gifts to friends and family members as well.  Objector, and others who recover under

17   Category V, are almost certainly obtaining benefits they would not have obtained had

18   they pursued an action against Gerber individually.

19       **D.    The Objector has not shown that she is a member of the class**

20           In support of her claim to be a member of the proposed class, Objector has

21   filed nothing other than declaration that is patently innacurate and apparently not

22   from personal knowledge.  Declarations not based on personal knowledge, as shown

23   by "the nature of declarant's position and nature of participation in matter," are

24   entitled to no weight. *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995).

25   Objector's declaration contains statements that show it cannot reflect Objector's

26   personal knowledge.  Specifically, Objector states without qualification that she

27   "recalls purchasing baby clothing with the Kitex label for my infant."  (Declaration,

28   attached to Objection)  But, the term "Kitex" appeared on no labels on Gerber

---

PLTFS. RESPONSE TO OBJECTION TO                    - 3 -              Case No. 2:09-CV-07420-DSF (DTBx)
SETTLEMENT BY GABI CANALES MORGAN

1    clothing.  (*see* Joint Stipulation, Docket Entry # 166 at p. 27)  Determining whether a

2    given label is a Kitex label requires an analysis of certain label codes – an analysis

3    nowhere mentioned in Objector's "declaration."  The declaration appears designed to

4    give the false impression that Objector saw the label in question and recalled it was a

5    "Kitex"label that fell within the class.   That simply could not have occurred.

6    Objector's declaration further states that she purchased the Gerber clothing at issue at

7    "HEB Superstore, Walmart, and/or Target."  This contradicts Objector's statements

8    in her claim form, also submitted with her objection, which states without

9    qualification that she acquired those clothes at "Walmart." Whether Objector's

10   declaration really does not reflect personal knowledge or simply contains truly

11   personal recollections that cannot be accurate, it is clearly not a declaration that will

12   aid this Court.

13          As filed, the declaration is not "proof" and accordingly does not satisfy this

14   Court's requirement that an Objector produce "proof of the Person's membership in

15   the Settlement Class."  (Docket Entry # 266 at p. 4)  In her claim form submitted with

16   her objection, Objector confirms that she has no documentation of skin irritation and

17   none of the items of Gerber clothing that form the basis of her claim to be a class

18   member.

19   **III.   CONCLUSION**

20          For the foregoing reasons, the sole objection submitted to this Court should be

21   disregarded.

22   Dated:  September ~~24~~25, 2013            Respectfully submitted,

23                                               BRANSTETTER STRANCH & JENNINGS,
                                                 PLLC
24
25                                               By:   /s/ James G. Stranch, IV
                                                        J. GERARD STRANCH, IV, Esq.
                                                 gerards@branstetterlaw.com
26                                               James G. Stranch III
                                                 jims@branstetterlaw.com
27                                               227 Second Avenue North, Fourth Floor
                                                 Nashville, TN 37201-1631
28                                               Tel: (615) 254-8801
                                                 Fax: (615) 250-3937

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE CONSUMER LAW GROUP

By:___/s/ Alan M. Mansfield_____
        ALAN M. MANSFIELD
alan@clgca.com
10200 Willow Creek Road, Suite 160
San Diego, CA  92126
Tel:   (619) 308-5034
Fax:   (888) 341-5048

EMERSON POYNTER LLP
John G. Emerson, Esq.
jemerson@emersonpoynter.com
830 Apollo Lane
Houston, TX 77058-2610
Tel:   (281) 488-8854
Fax:   (281) 488-8867

Scott E. Poynter, Esq.
scott@emersonpoynter.com
Christopher D. Jennings, Esq.
cjennings@emersonpoynter.com
500 President Clinton Ave., St. 305
Little Rock, AR 72201
Tel: (501) 907-2555
Fax: (501) 907-2556

WHATLEY DRAKE & KALLAS, LLC
Joe R. Whatley Jr., Esq.
Edith M. Kallas, Esq.
ekallas@wdklaw.com
Ilze C. Thielmann, Esq.
ithielmann@wdklaw.com
380 Madison Avenue, 23rd Floor
New York, NY  10017
Tel:   (212) 447-7070
Fax:   (212) 447-7077

JIGARJIAN LAW OFFICE
Robert A. Jigarjian, Esq.
jigarjianlaw@gmail.com
101 San Lucas Valley Rd., Suite 120
San Rafael, CA 94903
Tel: (415) 341-6660

MAURIELLO LAW FIRM
Thomas D. Mauriello, Esq. SBN: (144811)
tomm@maurlaw.com
1181 Puerta Del Sol, Suite 120
San Clemente, CA 92673
Tel: (949) 542-3555
Fax: (949) 606-9690

*Attorneys for Plaintiff*