JAMES J. YUKEVICH (SBN 159896)
  JYukevich@yukelaw.com
CRISTINA M. CIMINELLI (SBN 206201)
  CCiminelli@yukelaw.com
LINET BIDROSSIAN (SBN 258137)
  LBidrossian@yukelaw.com
YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, CA  90071-1560
Telephone:   (213) 362-7777
Facsimile:   (213) 362-7788


A. MARVIN QUATTLEBAUM, JR. (Admitted *Pro Hac Vice*)
  Marvin.quattlebaum@nelson.mullins.com
WILLIAM S. BROWN (Admitted *Pro Hac Vice*)
  William.brown@nelsonmullins.com
DOWSE BRADWELL RUSTIN (Admitted *Pro Hac Vice*)
  Brad.rustin@nelson.mullins.com
NELSON MULLINS RILEY &
SCARBOROUGH, LLP
Poinsett Plaza, Suite 900
104 South Main Street
Greenville, SC 29601-2122
T: (864) 250-2300
F: (864) 232-2925

Attorneys for Defendant
GERBER CHILDRENSWEAR, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LAURIE M. MONTANEZ and JEHAN HUGHES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GERBER CHILDRENSWEAR, LLC; and WAL-MART STORES, INC.,<br><br>Defendants. | CASE NO. 2:09-cv-07420-DSF (DTBx<br><br>**DEFENDANT GERBER CHILDRENSWEAR LLC'S REPLY MEMORANDUM IN SUPPORT OF FINAL APPROVAL AND IN RESPONSE TO OBJECTION**<br><br>Date:   October 7, 2013<br>Time:   1:30 p.m.<br>Crtrm.: 840<br><br>[Assigned to Hon. Dale S. Fischer, Courtroom 840] |

Defendant Gerber Childrenswear LLC ("GCW"), hereby files this Memorandum in further support of the Motion for Final Approval of Class Action Settlement and in response to the objection filed.

## I. INTRODUCTION

GCW respectfully asks this Court to grant final approval of the proposed settlement (the "Settlement") of this class action between Plaintiffs and GCW arising out of the sale of certain children's garments with tagless labels. The sole objection received by counsel for GCW does not present any impediment to the Court's approval of the Settlement. The Settlement is fair, reasonable, and adequate, and should be approved by this Court.

## II. OVERVIEW OF THE SETTLEMENT

Under the Settlement, GCW will create an initial Settlement Fund in the amount of Two Hundred Thousand ($200,000.00) Dollars for the benefit of the Class (S.A., Dckt. Ent. 255-4, ¶ 7.1). GCW will also create a garment inventory reserve stocked with Fifty Thousand ($50,000.00) Dollars in replacement garments. (*Id.* at ¶ 7.2). Additionally, GCW will provide discount vouchers to claimants in three of the claims categories. GCW, when entering the Settlement Agreement, placed no cap or limit on the recovery by all claimants in any of these three categories of benefits. Additionally, none of the monies or garments remaining in the settlement funds will revert to GCW (*Id.* at ¶ 7.4). All unused funds are to be distributed as a *cy pres* award appropriately tailored to address the claims made by the Plaintiffs to K.I.D.S. (www.kidsdonations.org) and Shriners Hospitals for Children (www.shrinershospitalsforchildren.com).

The settlement funds are not being used to pay administrative costs of the Settlement. GCW has separately paid the expenses related to notice and claims

1 administration by Kurtzman Carson Consultants ("KCC").

2 Similarly, GCW will separately pay any incentive award to the Class Representative and named Plaintiffs and any attorneys' fees awarded in the discretion of the Court, up to the limit agreed to in the Settlement Agreement. (S.A. ¶ 6.1.7 and 8.1).

The District Court should find that the Settlement in this matter is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e). The resolution of this case is "fair, adequate, and free from collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

### III. ONLY ONE OBJECTION RECEIVED

Counsel for GCW has received *only one* objection to the Settlement from the entire Class. (Decl. of William Brown, ¶ 2 & 3). There have been *no* Class Members who have opted out of the Settlement. (Decl. of Jonathan Carameros ("Carameros Decl."), ¶ 8). "[T]he fact that the overwhelming majority of the Class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness." *Hanlon*, 150 F.3d at 1027; *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (the reaction of the Class through low opt-outs and limited numbers of objectors supports a finding that the settlement was fair, adequate and reasonable.); *Nat'l Rural Telecomm. Coop v. Direct TV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) (the absence of a large number of objections to the proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the Class Members).

Notice of the Settlement was sent to the Attorneys General pursuant to the requirements of the Class Action Fairness Act ("CAFA"). (Carameros Decl. ¶ 3). No Attorney General from any of the Fifty States filed an objection to the fairness,

reasonableness, or adequacy of the Settlement.

Counsel for GCW has received only one objection from a purported Class Member. This objection came from Ms. Gabi Canales Morgan ("Morgan"). Morgan's submission can be read to assert nine distinct, although largely conclusory, objections. GCW will address each objection lodged by Morgan:

1. Objection was made to the "overall" Settlement on the stated basis that the funding mechanism described in the Settlement Agreement did not provide sufficient information to allow a determination of whether the requested attorneys' fees are excessive. This is not a basis for finding that the Settlement is inadequate. Under the Settlement Agreement, there is no cap on the recovery available to class members. All proper claims made by Class Members will be paid. GCW allowed for recovery up to an unspecified amount in order to ensure that any claimant who perceived he or she had been injured could receive an adequate remedy. Morgan does not object to the uncapped nature of the Settlement Fund and raises no specific objection to the remedy available to individual claimants in Claims Categories I-IV. The structuring of the Settlement Fund is fair, reasonable and adequate.

More importantly, the attorneys' fees are not paid out of the Settlement Fund and will in no way diminish the Settlement Fund. The recovery to a Class Member is in no way dependent upon the attorneys' fees awarded. The amount of attorneys' fees to be awarded is left to the discretion of the Court (S.A. ¶ 8.4). Therefore, there is a proper control and safeguards to ensure that the attorneys' fees awarded are not excessive. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) ("While attorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement, courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount.") (internal citations omitted); *see also Knisley v. Network Assocs., Inc.*, 312 F.3d 1123, 1125 (9th Cir.

2002) ("District judges must review both the fairness of the settlement and the reasonableness of the attorney's fee."). The "overall" structure of the Settlement provides sufficient information and allows for proper review of the attorneys' fees awarded by the Court.[1]

2. Morgan's second objection is that the attorneys' fees sought are excessive under either a lodestar or percentage of recovery methodology calculation. As stated above, the Settlement Agreement leaves the award of fees within the discretion of the Court. (S.A. ¶ 8.4). Because the Court can control the amount of fees awarded, there is protection against the award of excessive fees and this is not a proper basis upon which to challenge the Settlement.

3. Similarly, Morgan objects to the award of fees on the basis that Class Counsel has failed to make an adequately detailed application for fees and expenses. Class Counsel can more fully address this objection; nevertheless, the hours spent and hourly rates involved have been submitted to the Court for review and consideration. The Court can exercise its discretion to provide an appropriate award of fees.

4. Morgan's next objection asserts that the claims process is too burdensome and, as such, the claims process will "drive down the number and quality of objections." Initially, GCW would note that the claims process has no direct relationship to whether a Class Member can assert an objection. Therefore, this point does not seem valid. Nevertheless, to the extent that the objection relates

---

[1] Morgan claims she does not have information to object to the amount of fees; however, she in fact makes an objection to the fee award later in her objection letter. *See infra.* Further, Morgan did not contact the claims administrator to seek information or clarification regarding any aspect of the Settlement, even though KCC had established a toll-free call center to handle such inquiries. (Carameros Decl., ¶ 9).

generally to the claims process, as opposed to the objection process, this is also without merit.

The claims form is a straightforward document seeking to gather the information necessary to determine whether a claimant is a proper class member and can establish entitlement to the recovery identified in the various claims categories. Verification of injury, class membership, and damages are appropriate in a claims process. *See, e.g.*, Manual for Complex Litig. § 21.66 (4th ed. 2004) ("Class members must usually file claim forms providing details about their claims and other information needed to administer the settlement."); 3 Newberg on Class Actions § 9:19 (5th ed. 2011) ("In class actions seeking monetary damages, class members may be required to file individualized proof of claim forms before being permitted to recover from a settlement or judgment."); *see also Trombley v. National City Bank*, 759 F.Supp.2d 20, 28 (D.D.C. 2011) ("Class actions often require a claims process to ensure money is fairly distributed for valid claims."); *Milliron v. T-Mobile USA, Inc.*, C.A. No. 08-4149 (JLL), 2009 WL 3345762, 6 (D.N.J. September 14, 2009) ("[T]he Court finds it perfectly appropriate to require Class members to submit certain information proving that they are entitled to collect the relief awarded in this case."); *In re WorldCom, Inc. Sec. Litig.*, No. 02 CIV 3288 (DLC), 2004 WL 2591402, 12 (S.D.N.Y. Nov. 12, 2004) (finding objection to the length and complexity of the proof of claim form meritless where "the information that claimants are required to submit is necessary in order for a fair distribution of the settlement proceeds").

The claims form was previously approved by this Court. Any questions regarding the claims process could be answered through a 24-hour, toll-free hotline with back-up "live" support. Each step in the claims process was clearly laid out in step-by-step instructions at www.GCWSettlement.com. The website even allows Class Members to complete the process online or have a form pre-filled and

1 available for printing.

2 The claims form could be completed either in paper format or online. The availability of online claims submittal simplifies the claims process significantly. In fact, the vast majority of the claims have been submitted through the online submission process (Carameros Decl. ¶ 10) and the Claims Administrator has received very few complaints that the claims process was difficult or complex. (Carameros Decl. ¶ 10). Therefore, this objection is not supported by the Record and is not a valid basis upon which to attack this reasonable Settlement.

5. Morgan objects to the relief offered in Claims Category V. Morgan asserts that the fact that a person presenting a claim in this category will receive only a discount voucher and therefore must purchase additional clothing makes the benefit meaningless, and further objects that there may be no benefit if they no longer have a need for children's clothing. However, Claims Category V applies only to individuals who have no proof that they actually ever purchased the garment and no proof of injury or skin irritation. Therefore, the strength of the cases of the individuals in this Claims Category would be extremely weak. The strength of a plaintiff's case is a proper factor to be considered in determining the reasonableness of the settlement. *See Hanlon*, 150 F.3d at 1026. Because of this weakness, it could be argued that no relief should be given for this Claims Category at all. Nevertheless, the Settlement does offer individuals with claims falling into this Claims Category a remedy which takes into account the weakness of their claims.

Also, the discount voucher codes were specifically made transferable so that a claimant with no personal need for children's clothing could still realized a benefit by transferring the discount to a friend, relative or other individual who may have a need for children's clothing. *See In Re Mexico Money Transfer Litig.*, 267 F.3d 743, 748 (7th Cir. 2001) (affirming class action settlement comprised, in part, of coupons, noting that coupons "have value" and are "transferable"); *In re HP Inkjet*

6

2:09-cv-07420-DSF (DTBx)
DEFENDANT GERBER CHILDRENSWEAR LLC'S REPLY MEMORANDUM IN SUPPORT OF FINAL
APPROVAL AND IN RESPONSE TO OBJECTION

*Printer Litig.*, 716 F.3d 1173, 1179 (9th Cir. 2013) (recognizing that coupon settlements provide more value to class members when coupons are transferable); *In re Western Union Money Transfer Litig.*, No. CV-01-0335 (CPS), 2004 WL 3709932, 13 (E.D.N.Y. Oct. 19, 2004) (where "coupons are freely transferable and can be used at par value by any holder…even those defendants who no longer use defendants' service will be able to sell their coupons or give them away."). Therefore, the relief provided in Claims Category V is fair, reasonable and adequate.

      6.    Morgan next asserts that the parties have not met the burden to establish that the Settlement is fair, reasonable and adequate. This is merely an unsupported, conclusory, and boilerplate objection. "[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). Therefore, once the court has given preliminary approval, an agreement is presumptively reasonable, and an individual who objects has a heavy burden of demonstrating that the settlement is unreasonable. *U.S. v. State of Oregon*, 913 F.2d 576, 581 (9th Cir. 1990). Objectors must raise cogent and specific factual or legal objections. Objectors are not entitled to challenge a settlement without demonstrating some specific factual basis for their objection. To allow such disruption to the settlement on the basis of nothing more than unsupported suppositions or conclusions would completely thwart the settlement process. *See* 4 Newberg on Class Actions § 11:56 (4th ed. 2002) ("General objections without factual or legal substantiation carry little weight."); 7B Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1797.1 (2005) (in class action settlement disputes, "only clearly presented objections . . . will be considered.").

      Morgan does not identify any factor which she contends has not been established which is appropriate for Court consideration of whether the Settlement is fair, reasonable and adequate. In fact, in the briefing submitted to the Court, each

1 factor identified by the Ninth Circuit has been established. This general and
2 unsupported objection is not a proper basis on which to challenge the Settlement and
3 the burden of demonstrating a fair, reasonable and adequate settlement has been
4 met.

5       7.     Morgan objects that the release is overly broad. It is well established,
6 however, that a settlement agreement may preclude a party from bringing a related
7 claim in the future based on the identical factual predicate as that underlying the
8 claims in the settled class action, "even though the claim was not presented and
9 might not have been presentable in the class action." *Hesse v. Sprint Corp.*, 598
10 F.3d 581, 590 (9th Cir. 2010); *see also Collins v. Cargill Meat Solutions Corp.*, 274
11 F.R.D. 294, 303 (E.D. Cal. 2011) (provision in settlement agreement releasing "all
12 claims, causes of action, damages, wages, benefits, expenses, penalties, debts,
13 liabilities, demands, obligations, attorneys' fees, costs, and any other form of relief
14 or remedy at law or in equity, of whatever kind or nature asserted by the [Released]
15 Claims based on the facts alleged in the…Complaint" "appropriately track[ed] the
16 breadth of Plaintiffs' allegations in the action" and was "proper and not overly
17 broad."). The scope of the release is fair and reasonable.

18       8.     Morgan objects that the parties have not sustained their burden to prove
19 commonality, predominance, superiority and adequacy of Class Counsel and Class
20 Representatives under Federal Rule of Civil Procedure 23. Again, however, this is
21 an unsupported statement. No specific issue is presented to demonstrate how proof
22 of any of these factors is allegedly lacking. This type of general and unsupported
23 statement is not an adequate basis on which to challenge the Settlement. 4 Newberg
24 on Class Actions § 11:56 (4th ed. 2002) ("General objections without factual or
25 legal substantiation carry little weight."); 7B Wright, Miller & Kane, Federal
26 Practice and Procedure: Civil 3d § 1797.1 (2005) (in class action settlement
27 disputes, "only clearly presented objections . . . will be considered.").
28

1  The Court has previously certified a class in this action, finding that the
2  requirements of Rule 23 have been properly satisfied. (Order Granting Mot. to
3  Certify Class, Dckt. Ent. 244.) Morgan's unsupported conclusory statement fails to
4  demonstrate how the Court's prior ruling was in error and is insufficient to challenge
5  the Settlement.

6  **9.** Morgan objects to the procedures or requirements for the submission of
7  objections. "In order to prevent spurious objections to the settlement, the majority
8  of settlements include a mandatory procedure which objectors must follow if their
9  objections are to be considered." 4 Newberg on Class Actions § 11:56 (4th ed.
10 2002). GCW does not oppose the right of Morgan to submit her objection
11 document. GCW has addressed each of the substantive points presented in the
12 objection. The procedure provided in the Settlement Agreement for objections (S.A
13 ¶ 11.3) was intended not to suppress objectors, but to allow for the parties to identify
14 the objectors and properly respond to the objections substantively. The inclusion of
15 these requirements in no way prevented any objector from filing a statement of his
16 or her position regarding settlement, and is not a basis to challenge the Settlement.
17 The Settlement is fair, reasonable and adequate.

18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

DEFENDANT GERBER CHILDRENSWEAR LLC'S REPLY MEMORANDUM IN SUPPORT OF FINAL
APPROVAL AND IN RESPONSE TO OBJECTION

## IV. CONCLUSION

Based on the foregoing, this Settlement should be approved as fair, reasonable and adequate. Defendant GCW respectfully requests the Court enter an Order finally approving the class Settlement and grant such other and further relief as the Court deems just and proper.

DATED: September 25, 2013

        YUKEVICH | CAVANAUGH

        By:   /s/ Linet Bidrossian
            James J. Yukevich (SBN 159896)
            Cristina M. Ciminelli (SBN 206201)
            Linet Bidrossian (SBN 258137)
            355 South Grand Avenue, 15th Floor
            Los Angeles, CA 90071-1560
            Tel: (213) 362-7777
            Fax: (213) 362-7788

        NELSON MULLINS RILEY &
          SCARBOROUGH LLP
        A. Marvin Quattlebaum
        (Admitted *Pro Hac Vice*)
        WILLIAM S. BROWN
        (Admitted *Pro Hac Vice*)
        Dowse Bradwell Rustin, IV
        (Admitted *Pro Hac Vice*)
        Poinsett Plaza, Suite 900
        104 South Main Street, 9th Floor
        Greensville, SC 29601-2122
        Tel: (864) 250-2300
        Fax: (864) 232-2925

        Attorneys for Defendant
        GERBER CHILDRENSWEAR, LLC

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 355 South Grand Avenue, Fifteenth Floor, Los Angeles, CA 90071-1560.

On September 25, 2013, I served true copies of the following document(s) described as **DEFENDANT GERBER CHILDRENSWEAR LLC'S REPLY MEMORANDUM IN SUPPORT OF FINAL APPROVAL AND IN RESPONSE TO OBJECTION** on the interested parties in this action as follows:

**BY CM/ECF** for parties that are CM/ECF participants. Service is being made electronically on those parties that are registered users of the Court's Electronic Case Filing System.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 25, 2013, at Los Angeles, California.

/s/ Brigette S. Price