Name Timothy R. Hanigan
Address 21550 Oxnard Street, Suite 760
City, State, Zip Woodland hills, CA 91367
Phone (818) 883-5644
Fax (818) 704-9372
E-Mail trhanigan@gmail.com

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

FILED
2013 NOV 22 PM 3:48
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE M. MONTANEZ and JEHAN HUGHES, individually and on behalf of all others Similarly Situated<br><br>PLAINTIFF(S),<br>v.<br>GERBER CHILDRENSWEAR, LLC,<br><br>DEFENDANT(S). | CASE NUMBER:<br><br>CV 09-07420-DSF (DTBx)<br><br><br>**NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that _____ Gabi Canales Morgan _____ hereby appeals to
                                    *Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
   Dkt. #280 Granting Mot. for Final Approval
   Dkt. #281 Granting Atty Fees, Costs and Incentive Award
☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on  10/23/2013 and 11/6/2013 . Entered on the docket in this action on  10/24/2013 and 11/6/2013 .

A copy of said judgment or order is attached hereto.

Date  11/22/13

Signature _[signed]_
☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)                                       NOTICE OF APPEAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LAURIE M. MONTANEZ and JEHAN HUGHES, individually and on behalf of all others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GERBER CHILDRENSWEAR, LLC,<br><br>Defendant. | CASE NO. CV 09-07420-DSF (DTBx)<br><br>CLASS ACTION<br><br>ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br>Courtroom: Hon. Dale S. Fischer |

THIS MATTER having been brought before the Court by Plaintiffs through Branstetter, Stranch & Jennings, PLLC, Emerson Poynter LLP, The Consumer Law Group of California, and Whatley Drake & Kallas, LLC (together, "Settlement Class Counsel"), pursuant to Fed. R. Civ. P. 23(e), for an Order granting final approval of a class action settlement, and the application of Settlement Class Counsel for payment of attorneys' fees and reimbursement of expenses and payments to the class representative and Plaintiffs (together, the "Motion"); and the Court, having reviewed the submissions of the parties and all purported members of the Settlement Class, having held a hearing on October 7, 2013, and having found that the parties are entitled to the relief they seek for the reasons stated on the record during the hearing on the Motion based upon the submission of the parties,

-1-

and for good cause shown, the Court makes the following findings:

1. Notice to the Settlement Class and the appropriate public officials pursuant to the provisions of the Class Action Fairness Act has been provided in accordance with this Court's Preliminary Approval Order. Such Settlement Notice has been provided in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances and satisfies the requirements of due process. The Settlement Notice apprised the members of the Settlement Class of the pendency of the litigation, of all material elements of the proposed settlement, of the effect on the members of the Settlement Class, and of their opportunity to opt out of the settlement, to comment on and object to the settlement, and to appear at the Fairness Hearing. Full opportunity has been afforded to the members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that all members of the Settlement Class who have not opted out are bound by this Order and by the final judgment to be entered pursuant thereto.

2. The Stipulation of Class Action Settlement dated December 28, 2012, as amended on March 28, 2013 (the "Settlement Agreement"), was arrived at after extensive arm's-length negotiations conducted in good faith by counsel for all parties in the above-captioned action with the assistance of a both the Hon. Howard B. Wiener (Ret.) and a mediator from the Ninth Circuit's mediation program.

3. Only one purported member of the Settlement Class has filed an objection to the settlement, which is hereby overruled, and no member of the Settlement Class has submitted a valid and timely request for exclusion.

4. This litigation presents difficult and complex issues as to liability and damages, as to which there are substantial grounds for difference of opinion.

5. The settlement is fair, reasonable and adequate in light of the complexity, expense and duration of the litigation, and the risks inherent and

///

involved in establishing liability and damages, and in maintaining the class action through trial and appeal.

6. The promises and commitments of the parties under the terms of the Settlement Agreement, including the injunctive relief provisions contained therein, constitute fair value given in exchange for the releases set forth in the Settlement Agreement and as detailed herein.

7. The parties and each Settlement Class Member have submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

8. It is in the best interests of the parties and the Settlement Class Members, and consistent with principles of judicial economy, that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any of the Released Parties that in any way relates to the applicability or scope of the Settlement Agreement, including the injunctive relief provisions contained therein, or of this Order, should be presented exclusively to this Court for resolution by this Court.

Based upon the foregoing findings, and all of the evidence presented in the record, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Settlement Agreement submitted with the Motion is finally approved as fair, reasonable, adequate, just, and in the best interests of the Class, and the Parties are hereby directed to consummate the Settlement Agreement and comply with the relief described in the Settlement Agreement in accordance with the terms of the Settlement Agreement.

2. Based upon the submissions of the Parties, for purposes of the settlement only, the Court modifies its previous findings with respect to the Class and finds as to the Settlement Class that: (a) the Settlement Class Members are so numerous as to make joinder of them impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any

questions affecting only individual Settlement Class Members; (c) the Class Representative's claims and the defenses asserted thereto are typical of the claims of Settlement Class Members and the defenses asserted thereto; (d) the Class Representative and Settlement Class Counsel have fairly and adequately protected the interests of Settlement Class Members throughout this action; and (e) a class action is superior to all other available methods for fairly and efficiently resolving this action, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of the litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability and undesirability of concentrating the litigation of these claims in a particular forum; and (iv) the difficulties likely to be encountered in the management of a class action. The Court confirms these previous findings made based on the record submitted to the Court. The Court approves Plaintiff Jehan Hughes as representative of the Settlement Class and finally certifies a Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes only comprised of all Persons who purchased at retail new Gerber Childrenswear apparel products in the United States containing tagless labels on garments manufactured by (1) Jay Jay Mills (India) with "M/S Gokul" labels from October 1, 2005 to August 2008; (2) Jay Jay Mills (India) with redesigned "phthalate free" Gokul labels from August 2008 through September 30, 2009; and (3) Kitex from October 1, 2005 through May 20, 2009.

3. The proposed fee and expense award to Settlement Class Counsel and the payment to the Class Representative and Plaintiffs as set forth in Plaintiffs' Motion for Final Approval of Settlement and Settlement Class Counsel's separate fee and expense application will be addressed in a separate Order.

4. The above-captioned action is hereby dismissed on the merits with prejudice as to all Parties, consistent with the terms and releases as set forth in the Settlement Agreement.

5. By this Order and the Judgment entered pursuant to it, effective as of the Settlement Effective Date, and in consideration of the Settlement Agreement and the benefits extended to the Settlement Class, Class Representative, on behalf of the Settlement Class Members, and each Settlement Class Member, on behalf of himself or herself and his or her respective successors, assigns, past, present, and future parents, subsidiaries, joint venturers, partnerships, related companies, affiliates, unincorporated entities, divisions, groups, directors, officers, shareholders, employees, agents, representatives, servants, partners, executors, administrators, assigns, predecessors, successors, descendants, dependents, and heirs, are deemed to fully release and forever discharge the Released Parties from the Released Claims as set forth in the Settlement Agreement, and the Released Parties are deemed to have finally released the claims as set forth in the Settlement Agreement. Effective as of the Settlement Effective Date, the Court orders and enters a permanent injunction barring and enjoining the Parties, the Released Parties, and the Settlement Class Members from bringing, filing, commencing, prosecuting, continuing to prosecute, maintaining, intervening in, participating in, or receiving any benefits from any lawsuit, arbitration, or administrative, regulatory, or other proceeding in law or equity that asserts, arises from, concerns, or is in any way related to the claims as set forth in this Paragraph and as described in the Settlement Agreement. No member of the Settlement Class, either directly, representatively, derivatively, or any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the claims described in Paragraph 13.1.2 of the Settlement Agreement or in this Paragraph.

6. Without affecting the finality of the judgment entered pursuant to this Order, this Court retains continuing jurisdiction over this settlement, including the administration, consummation, and enforcement of the Settlement Agreement. In addition, without affecting the finality of the judgment entered pursuant to this Order, this Court retains jurisdiction over the Parties, the Released Parties, and each

1 member of the Settlement Class, who are deemed to have submitted to the
2 exclusive jurisdiction of this Court for any suit, action, proceeding or dispute
3 arising out of or relating to this Order and the terms of the Settlement Agreement.

4     7. The Court hereby approves K.I.D.S. to provide safe clothing to
5 children in need and Shriners Hospital for Children for purposes of funding
6 treatment for or research into children's skin injury or irritation issues, as set forth
7 in Section 7.4 of the Settlement Agreement, as *cy pres* recipients, in the event the
8 claims provided for under the settlement do not reach the floor amount set forth in
9 the Settlement Agreement. Such amounts shall be divided equally between these
10 recipients and are to be paid without the need for further Court order.

11     8. The Court finds that there is no reason for delay and directs the Clerk
12 to enter judgment in accordance with the terms of this Order as of the date of this
13 Order.

14 DATED: October _23, 2013

_____
Hon. DALE S. FISCHER
U.S. District Judge

Case 2:09-cv-07420-DSF-DTB Document 281 Filed 11/06/13 Page 1 of 2 Page ID #:6564

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MEMORANDUM

Case No.   CV 09-7420 DSF (DTBx)                              Date   11/6/13

Title   Laurie M. Montanez, et al. v. Gerber Childrenswear, LLC, et al.

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (In Chambers) Order Re Attorneys' Fees and Costs and Incentive Award

  This matter having been brought before the Court by Plaintiffs through Branstetter Stranch & Jennings, PLLC, Emerson Poynter LLP, The Consumer Law Group of California, and Whatley Drake & Kallas, LLC (together, "Settlement Class Counsel"), pursuant to Fed. R. Civ. P. 23(e), for an Order granting final approval of a class action settlement and the application of Settlement Class Counsel for payment of attorneys' fees and reimbursement of expenses and payments to the class representative and Plaintiffs in connection with granting final approval of a class action settlement of this action (the "Motion"); and the Court, having reviewed the submissions of the parties and all purported members of the Settlement Class, having held a hearing on October 7, 2013, having reviewed *in camera* the underlying time records and expense reports from Settlement Class Counsel, which records were submitted to the Court in response to the Court's request during the October 7, 2013 hearing, and for good cause shown, orders as follows:

  1. The proposed collective Attorneys' Fees and Expenses payment to Settlement Class Counsel as set forth in Settlement Class Counsel's separate fee and expense application and in Paragraphs 3.5 and 8.1 of the Settlement Agreement is approved as fair and reasonable based on the submission of the parties and the Court's completed review of Settlement Class Counsel's detailed time and expense records. This amount shall be paid directly by Defendant to Settlement Class Counsel as agreed between the parties in accordance with the provisions of paragraphs 6.1.7 and 8.1 of the Settlement Agreement,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

and are to be allocated between Settlement Class Counsel as agreed between them in accordance with paragraph 8.2 of the Settlement Agreement.

2. The Court approves an incentive award in the amount of $2500 to Plaintiff/Class Representative Jehan Hughes only, which the Court finds is fair and reasonable under the circumstances of this case. This amount shall be paid in accordance with the provisions of paragraphs 3.26 and 6.1.7 of the Settlement Agreement.

IT IS SO ORDERED.

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 21550 Oxnard Street, Suite 760, Woodland Hills, California, 91367.

On November 22, 2013, I served the within NOTICE OF APPEAL on the interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as stated below or on the attached mailing list:

See attached service list

___ (BY TELECOPY) I caused such document to be telecopied to the office of the addressee.

___ (BY ELECTRONIC DELIVERY) I caused such document to be e-mailed to the office of the addressee.

_x_ (BY MAIL) I deposited such envelope addressed to the office of the addressee, with postage thereon fully prepaid, in the United States mail at Woodland Hills, California. As follows:

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date for mailing in this affidavit.

I declare under penalty of perjury under the laws of the united States of America that the foregoing is true and correct.

Executed on November 22, 2013, at Woodland Hills, California.

_____
Timothy R. Hanigan

| | |
|---|---|
| 1 | **Jehan Hughes**<br>individually and on behalf of all others similarly situated |
| 2 | |
| 3 | **William T Crowder**<br>Emerson Poynter LLP<br>Rozelle-Murphy House |
| 4 | 1301 Scott Street<br>Little Rock, AR 72202 |
| 5 | 501-907-2555<br>501-907-2556 (fax) |
| 6 | |
| 7 | **John G Emerson**<br>Emerson Poynter LLP<br>830 Apollo Lane |
| 8 | Houston, TX 77058-2610<br>281-488-8854 |
| 9 | 281-488-8867 (fax) |
| 10 | **Christopher D Jennings**<br>Emerson Poynter LLP |
| 11 | Rozelle-Murphy House<br>1301 Scott St |
| 12 | Little Rock, AR 72202<br>501-907-2555 |
| 13 | 501-907-2556 (fax) |
| 14 | **Robert A Jigarjian**<br>Jigarjian Law Office |
| 15 | 101 Lucas Valley Road Suite 120<br>San Rafael, CA 94903 |
| 16 | 415-341-6660<br>501-907-2556 (fax) |
| 17 | |
| 18 | **Alan M Mansfield**<br>The Consumer Law Group<br>10200 Willow Creek Road Suite 160 |
| 19 | San Diego, CA 92131<br>619-308-5034 |
| 20 | 888-341-5048 (fax) |
| 21 | **Thomas D Mauriello**<br>Mauriello Law Firm APC |
| 22 | 1181 Puerta Del Sol Suite 120<br>San Clemente, CA 92673 |
| 23 | 949-542-3555<br>949-606-9690 (fax) |
| 24 | |
| 25 | **Scott E Poynter**<br>Emerson Poynter LLP<br>Rozelle-Murphy House |
| 26 | 1301 Scott St<br>Little Rock, AR 72202 |
| 27 | 501-907-2555<br>501-907-2556 (fax) |
| 28 | |

| | |
|---|---|
| 1 | **Steven J Simerlein**<br>Branstetter Stranch & Jennings PLLC |
| 2 | 227 Second Avenue North 4th Floor<br>Nashville, TN 37201-1631 |
| 3 | 615-254-8801 |
| 4 | **Michael G Stewart**<br>Branstetter Stranch & Jennings PLLC |
| 5 | 227 Second Avenue North 4th Floor<br>Nashville, TN 37201 |
| 6 | 615-254-8801<br>615-250-3937 (fax) |
| 7 | |
| 8 | **James G Stranch, III**<br>Branstetter Stranch & Jennings PLLC<br>227 2nd Avenue North 4th Floor |
| 9 | Nashville, TN 37201-1631<br>615-254-8801 |
| 10 | 615-255-5419 (fax) |
| 11 | **J Gerard Stranch, IV**<br>Branstetter Stranch & Jennings PLLC |
| 12 | 227 Second Avenue North 4th Floor<br>Nashville, TN 37201-1631 |
| 13 | 615-254-8801<br>615-255-5419 (fax) |
| 14 | |
| 15 | **Ilze C Thielmann**<br>Whatley Drake & Kallas LLC<br>380 Madison Avenue |
| 16 | 23rd Floor<br>New York, NY 10017 |
| 17 | 212-447-7070<br>212-447-7077 (fax) |
| 18 | |
| 19 | **Joe R Whatley, Jr**<br>Whatley Kallas LLC<br>380 Madison Avenue 23rd Floor |
| 20 | New York, NY 10017<br>212-447-7060 |
| 21 | 800-922-4851 (fax) |
| 22 | **Thomas J Butler**<br>Whatley Drake and Kallas LLC |
| 23 | 1540 Broadway 37th Floor Floor<br>New York, NY 10036 |
| 24 | 212-447-7070<br>212-447-7077 (fax) |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

```
 1 | Edith M Kallas
   | Whatley Drake and Kallas LLC
 2 | 380 Madison Avenue 23rd Floor
   | New York, NY 10017
 3 | 212-447-7070
   | 212-447-7077 (fax)
 4 |
   | Laurie M. Montanez
 5 | individually and on behalf of all others similarly situated
   |
 6 | William T Crowder
   | Emerson Poynter LLP
 7 | Rozelle-Murphy House
   | 1301 Scott Street
 8 | Little Rock, AR 72202
   | 501-907-2555
 9 | 501-907-2556 (fax)
   |
10 | John G Emerson
   | Emerson Poynter LLP
11 | 830 Apollo Lane
   | Houston, TX 77058-2610
12 | 281-488-8854
   | 281-488-8867 (fax)
13 |
   | Christopher D Jennings
14 | Emerson Poynter LLP
   | Rozelle-Murphy House
15 | 1301 Scott St
   | Little Rock, AR 72202
16 | 501-907-2555
   | 501-907-2556 (fax)
17 |
   | Robert A Jigarjian
18 | Jigarjian Law Office
   | 101 Lucas Valley Road Suite 120
19 | San Rafael, CA 94903
   | 415-341-6660
20 | 501-907-2556 (fax)
   |
21 | Edith M Kallas
   | Whatley Drake and Kallas LLC
22 | 380 Madison Avenue 23rd Floor
   | New York, NY 10017
23 | 212-447-7070
   | 212-447-7077 (fax)
24 |
   | Alan M Mansfield
25 | The Consumer Law Group
   | 10200 Willow Creek Road Suite 160
26 | San Diego, CA 92131
   | 619-308-5034
27 | 888-341-5048 (fax)
   |
28 |
```

| | |
|---|---|
| 1 | **Thomas D Mauriello**<br>Mauriello Law Firm APC |
| 2 | 1181 Puerta Del Sol Suite 120<br>San Clemente, CA 92673 |
| 3 | 949-542-3555<br>949-606-9690 (fax) |
| 4 | |
| 5 | **Jack T Patterson, II**<br>Emerson Poynter LLP<br>500 President Clinton Avenue Suite 305 |
| 6 | Little Rock, AR 72201<br>501-907-2555 |
| 7 | |
| 8 | **Scott E Poynter**<br>Emerson Poynter LLP<br>Rozelle-Murphy House |
| 9 | 1301 Scott St<br>Little Rock, AR 72202 |
| 10 | 501-907-2555<br>501-907-2556 (fax) |
| 11 | |
| 12 | **Steven J Simerlein**<br>Branstetter Stranch & Jennings PLLC<br>227 Second Avenue North 4th Floor |
| 13 | Nashville, TN 37201-1631<br>615-254-8801 |
| 14 | |
| 15 | **Michael G Stewart**<br>Branstetter Stranch & Jennings PLLC<br>227 Second Avenue North 4th Floor |
| 16 | Nashville, TN 37201<br>615-254-8801 |
| 17 | 615-250-3937 (fax) |
| 18 | **James G Stranch, III**<br>Branstetter Stranch & Jennings PLLC |
| 19 | 227 2nd Avenue North 4th Floor<br>Nashville, TN 37201-1631 |
| 20 | 615-254-8801<br>615-255-5419 (fax) |
| 21 | |
| 22 | **J Gerard Stranch, IV**<br>Branstetter Stranch & Jennings PLLC<br>227 Second Avenue North 4th Floor |
| 23 | Nashville, TN 37201-1631<br>615-254-8801 |
| 24 | 615-255-5419 (fax) |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

| | |
|---|---|
| 1 | **Ilze C Thielmann**<br>Whatley Drake & Kallas LLC |
| 2 | 380 Madison Avenue<br>23rd Floor |
| 3 | New York, NY 10017<br>212-447-7070 |
| 4 | 212-447-7077 (fax) |
| 5 | **Joe R Whatley, Jr**<br>Whatley Kallas LLC |
| 6 | 380 Madison Avenue 23rd Floor<br>New York, NY 10017 |
| 7 | 212-447-7060<br>800-922-4851 (fax) |
| 8 | |
| 9 | **Thomas J Butler**<br>Whatley Drake and Kallas LLC |
| | 1540 Broadway 37th Floor Floor |
| 10 | New York, NY 10036<br>212-447-7070 |
| 11 | 212-447-7077 (fax) |
| 12 | **Wal-Mart Stores, Inc.** |
| 13 | **Gregory A Nylen**<br>Greenberg Traurig LLP |
| 14 | 2450 Colorado Avenue Suite 400 East<br>Santa Monica, CA 90404 |
| 15 | 310-586-7700<br>310-586-7800 (fax) |
| 16 | |
| 17 | **Gerber Childrenswear, LLC**<br>**Defendant** |
| 18 | Linet Bidrossian |
| 19 | Yukevich Cavanaugh<br>355 South Grand Avenue 15th Floor |
| 20 | Los Angeles, CA 90071<br>213-362-7777 |
| 21 | Attorneys for Defendant<br>Gerber Childrenswear, LLC |
| 22 | |
| 23 | William S Brown<br>Nelson Mullins Riley & Scarborough LLP |
| 24 | 104 South Main Street 9th Floor<br>Greensboro, SC 29601 |
| 25 | 864-250-2300<br>864-232-2925 (fax) |
| 26 | william.brown@nelsonmullins.com |
| 27 | |
| 28 | |

1  **Cristina M Ciminelli**
   Yukevich Cavanaugh
2  355 S Grand Avenue 15th Floor
   Los Angeles, CA 90071-1560
3  213-362-7777
   213-362-7788 (fax)
4
   **A Marvin Quattlebaum**
5  Nelson Mullins Riley & Scarborough LLP
   104 South Main Street 9th Floor
6  Greensville, SC 29601
   864-250-2300
7  864-232-2925 (fax)

8  **Keishunna L Randall**
   Yukevich Calfo & Cavanaugh
9  355 South Grand Avenue 15th Floor
   Los Angeles, CA 90071-1560
10 213-362-7777
   213-362-7788 (fax)
11
   **Dowse Bradwell Rustin, IV**
12 Nelson Mullins Riley & Scarborough LLP
   104 South Main Street 9th Floor
13 Greensville, SC 29601
   864-250-2300
14 864-232-2925 (fax)

15 **James J Yukevich**
   Yukevich Cavanaugh
16 355 South Grand Avenue 15th Floor
   Los Angeles, CA 90071-1560
17 213-362-7777
   213-362-7788 (fax)
18 jyukevich@yukelaw.com

19

20

21

22

23

24

25

26

27

28